UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
--------------------------------------------------------------X
EDDIE HOLLEY,                                        Case No. 15 CV 1204
                              Plaintiff,
                                                     **COMPLAINT**

        -against-                                    JURY DEMAND

THE CITY OF NEW YORK, P.O. PIOTR
ZEBROWSKI [SHIELD # 29564], and
JOHN DOE AND JANE DOE #1-5 (the
names John and Jane Doe being fictitious,
as the true names are presently unknown),
                              Defendants.
--------------------------------------------------------------X


Plaintiff, EDDIE HOLLEY, by his attorney, The Law Offices of UGO UZOH, P.C.,
complaining of the defendants herein, The City of New York, P.O. Piotr Zebrowski
[Shield # 29564] and John Doe and Jane Doe #1-5 (collectively, "defendants"),
respectfully alleges as follows:

1.      This is an action at law to redress the deprivation of rights secured to the
        plaintiff under color of statute, ordinance, regulation, custom, and/or to
        redress the deprivation of rights, privileges, and immunities secured to the
        plaintiff by the Fourth, Fifth and Fourteenth Amendments to the Constitution
        of the United States, and by Title 42 U.S.C. §1983 [and § 1985], [and arising
        under the law and statutes of the City and State of New York].

                                        JURISDICTION

2.      The jurisdiction of this Court is invoked pursuant to 42 U.S.C. § 1983, 28
        U.S.C. § 1343, 28 U.S.C. § 1331 and 28 U.S.C. § 1367, and under the
        Fourth, Fifth and Fourteenth Amendments to the United States Constitution.

3.      As the deprivation of rights complained of herein occurred within the
        Eastern District of New York, venue is proper in this district pursuant to 28
        U.S.C. §1391 (b) and (c).

## THE PARTIES

4.      Plaintiff is and was at all times material herein a resident of the United States and the State of New York.

5.      At all relevant times, defendants P.O. Piotr Zebrowski [Shield # 29564], John Doe and Jane Doe #1-5 (hereinafter "defendant officers") were, upon information and belief, and still are, agents and/or officers employed by defendant City of New York.

6.      At all times herein, the defendant officers were acting under the color of their official capacity, and their acts were/are performed under color of the statutes and ordinances of the City of New York and/or the State of New York. Defendant officers were/are the servants, agents, and employees of their co-defendant, the City of New York, such that their acts are imputed to the City of New York.

7.      At all relevant times, the defendant City of New York was and is a municipal corporation duly organized and existing under the laws of the State of New York, and was/is the employer of the defendant officers, and the actions of the defendant officers complained of herein were done as part of the custom, practice, usage, regulation and/or at the direction of the defendant City of New York.

8.      Plaintiff is suing the defendant officers in their individual and official capacities.

## FACTUAL ALLEGATIONS COMMON TO ALL CAUSES OF ACTION

9.      On or about May 20, 2014, at approximately 7:30 p.m., defendant officers, acting in concert, arrested plaintiff without cause at or close to the corner of St. Johns Pl and Howard Avenue, Brooklyn, New York, and charged plaintiff with PL 225.30(2) 'Possession of a gambling device'.

10.     Plaintiff, however, was not in possession of any gambling device and did not commit any offense against the laws of New York City and/or State for which any arrest may be lawfully made.

11.     Prior to the arrest, plaintiff and some of his friends were watching a basketball game at the aforesaid location when defendant officers suddenly

appeared and arrested the plaintiff and approximately 6 (six) other individuals.

12.     Following the arrest, defendant officers tightly handcuffed the plaintiff with his hands placed behind his back.

13.     Defendant officers then subjected the plaintiff to an illegal search.

14.     Defendant officers did not recover any contraband from their unlawful search of the plaintiff.

15.     Notwithstanding the above, defendant officers forcibly pushed the plaintiff into their police vehicle and transported the plaintiff to the NYPD-73rd Precinct.

16.     Defendant officers detained the plaintiff at the precinct.

17.     After detaining the plaintiff for a lengthy period of time at the precinct, defendant officers caused legal process to be issued to the plaintiff charging him with the aforesaid crime and requiring the plaintiff to appear in criminal court on September 18, 2014.

18.     On September 18, 2014, plaintiff appeared in criminal court as he was directed by defendant officers but was advised that the false charge(s) levied against him by defendant officers were never docketed and that there were no charges pending against him.

19.     That each and every officer who responded to and/or was present at the location of the arrest and/or at the precinct or station house knew and was fully aware that the plaintiff did not commit any crime or offense, and had a realistic opportunity to intervene to prevent the harm detailed above from occurring.

20.     Nonetheless, defendant officers did absolutely nothing to discourage and prevent the harm detailed above from occurring and failed to intervene.

21.     As a result of the aforesaid actions by the defendants, plaintiff suffered and continues to suffer emotional distress, fear, embarrassment, humiliation, shock, discomfort, loss of liberty, loss of rights to familial association, wages and financial losses, pain and damage, and damage to reputation.

FIRST CAUSE OF ACTION: 42 U.S.C. § 1983

22.     By this reference, plaintiff incorporates each and every allegation and averment set forth in paragraphs 1 through 21 of this complaint as though fully set forth herein.

23.     The conduct of defendant officers, as described herein, amounted to false arrest, excessive use of force, failure to intervene, unlawful stop and frisk, unreasonable detention, unreasonable search and seizure, conspiracy, fabrication of evidence, denial of equal protection of the laws, discrimination and denial of due process rights.

24.     Such conduct violated plaintiff's rights under 42 U.S.C. § 1983 and the Fourth, Fifth and Fourteenth Amendments to the United States Constitution.

25.     Consequently, plaintiff has been damaged and hereby demands compensatory and punitive damages in an amount to be proven at trial against each of the defendants, individually and severally.

SECOND CAUSE OF ACTION: FAILURE TO TRAIN/SUPERVISE/DISCIPLINE AND MUNICIPAL POLICY - against defendant City of New York

26.     By this reference, plaintiff incorporates each and every allegation and averment set forth in paragraphs 1 through 25 of this complaint as though fully set forth herein.

27.     Defendant City of New York, acting through the New York Police Department, had actual and/or de facto policies, practices, customs and/or usages of failing to properly train, supervise or discipline its police officers concerning correct practices in conducting investigations, the use of force, interviewing of witnesses and informants, assessment of the credibility of witnesses and informants, reasonable search of individuals and/or their properties, the seizure, voucher and/or release of seized properties, obligation not to promote or condone perjury and/or assist in the prosecution of innocent persons and obligation to effect an arrest only when probable cause exists for such arrest.

28.     Defendant City of New York, acting through aforesaid NYPD, had actual and/or de facto policies, practices, customs and/or usages of wrongfully arresting, illegally stopping, frisking, searching, seizing, abusing,

humiliating, degrading and/or maliciously prosecuting individuals who are members of racial/ethnic minority groups such as plaintiff, who is black, on the pretext that they were involved in they were involved in some crime or offense.

29.     Further, the existence of the aforesaid unconstitutional policies, practices, customs and/or usages may be inferred from repeated occurrences of similar wrongful conduct.

30.     Defendant City of New York has settled numerous lawsuits brought in this district against several officers assigned to the NYPD-73rd Precinct concerning similar arrests and charges as those described herein. *See*, *e.g.*, *Annette Young v. City of New York* (14 CV 55); *Diane Dawson v. City of New York* (13 CV 180); *Ramel King v. City of New York* (12 CV 4322); *Tyquan Myrick v. City of New York* (12 CV 2411); *Robert Stephens v. City of New York* (12 CV 1825); *Ramel King v. City of New York* (12 CV 1824); *Paul Lewis v. City of New York* (12 CV 1323); *Jermaine Tolbert v. City of New York* (12 CV 537); *Anthony Holley v. City of New York* (12 CV 259); *Jermaine Tolbert v. City of New York* (11 CV 4871); *Geneeza Walls v. City of New York* (10 CV 5769).

31.     That defendant City of New York maintained the above described policies, practices, customs or usages knowing fully well that the policies, practices, customs or usages lead to improper conduct by its police officers and employees. In failing to take any corrective actions, defendant City of New York acted with deliberate indifference, and its failure was a direct and proximate cause of plaintiff's injuries as described herein.

32.     The actions of defendants, acting under color of State law, deprived plaintiff of his due process rights, and rights, remedies, privileges, and immunities under the laws and Constitution of the United States, treatise, ordinances, customary international law and norms, custom and usage of a right; in particular, the right to be secure in his person and property, to be free from abuse of process, the excessive use of force and the right to due process.

33.     By these actions, defendants have deprived plaintiff of rights secured by treatise, ordinances, customary international law and norms, custom and usage of a right, and the Fourth, Fifth and Fourteenth Amendments to the United States Constitution, in violation of 42 U.S.C. § 1983.

THIRD CAUSE OF ACTION: NEW YORK STATE CONSTITUTION, ARTICLE I, §§ 5, 6, 8, 11 & 12

34.     By this reference, plaintiff incorporates each and every allegation and averment set forth in paragraphs 1 through 33 of this complaint as though fully set forth herein.

35.     By reason of the foregoing, and by arresting, detaining and imprisoning plaintiff without probable cause or reasonable suspicion, and harassing and assaulting him and depriving him of due process and equal protection of laws, defendants deprived plaintiff of rights, remedies, privileges, and immunities guaranteed to every New Yorker by Article I, § 5 (prohibiting cruel and unusual punishments), Article 1, § 6 (providing for due process), Article 1, § 8 (guaranteeing freedom of speech), Article 1, § 11 (prohibiting discrimination in civil rights and providing for equal protection of laws) & Article I, § 12 (prohibiting unreasonable searches & seizures) of the New York Constitution.

36.     In addition, defendant officers conspired among themselves and conspired with other individuals to deprive plaintiff of his constitutional rights secured by Article I, §§ 5, 6, 8, 11 & 12 of the New York Constitution, and took numerous overt steps in furtherance of such conspiracy, as set forth above.

37.     Defendant officers acted under pretense and color of state law and in their individual and official capacities and within the scope of their respective employments as officers, agents, or employees. Defendant officers' acts were beyond the scope of their jurisdiction, without authority of law, and in abuse of their powers. Defendant officers acted willfully, knowingly, and with the specific intent to deprive plaintiff of his constitutional rights secured by Article I, §§ 5, 6, 8, 11 & 12 of the New York Constitution.

38.     Defendants, their officers, agents, servants, and employees were responsible for the deprivation of plaintiff's state constitutional rights.

FOURTH CAUSE OF ACTION: OTHER NEW YORK TORTS

39.　　By this reference, plaintiff incorporates each and every allegation and averment set forth in paragraphs 1 through 38 of this complaint as though fully set forth herein.

40.　　The conduct of the defendants, as described herein, amounted to false arrest/imprisonment, assault and battery, unlawful stop and frisk, unreasonable search and seizure, unreasonable detention, negligence, defamation, conspiracy, breach of special duty or relationship, harassment, fraud, trespass, negligent and intentional emotional distress and negligent hiring and retention of defendant officers.

41.　　Consequently, plaintiff has been damaged and hereby demands compensatory and punitive damages in an amount to be proven at trial against each of the defendants, individually and severally.

WHEREFORE, plaintiff respectfully prays judgment as follows:

　　a.　　For compensatory damages against all defendants in an amount to be proven at trial;

　　b.　　For exemplary and punitive damages against all defendants in an amount to be proven at trial;

　　c.　　For costs of suit herein, including plaintiff's reasonable attorney's fees; and;

　　d.　　For such other and further relief as the court deems proper.

DEMAND FOR TRIAL BY JURY

　　Pursuant to Rule 38 (b) of the Federal Rules of Civil Procedure, plaintiff demands a trial by jury.

Dated: Brooklyn, New York
　　　　March 9, 2015

　　　　　　　　　　　　　UGO UZOH, P.C.
　　　　　　　　　　　　　/s/
　　　　　　　　By:　　Ugochukwu Uzoh (UU-9076)
　　　　　　　　　　　　　Attorney for the Plaintiff
　　　　　　　　　　　　　304 Livingston Street, Suite 2R
　　　　　　　　　　　　　Brooklyn, N.Y. 11217
　　　　　　　　　　　　　Tel. No: (718) 874-6045
　　　　　　　　　　　　　Fax No: (718) 576-2685
　　　　　　　　　　　　　Email: u.ugochukwu@yahoo.com